IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANK TAYLOR, #R-29532, )
)
      Plaintiff, )
)
vs. ) CIVIL NO. 10-cv-744-JPG
)
MICHAEL P. RANDLE, et al )
)
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently an inmate in the Menard Correctional Center, was at all times relevant to this action confined in the Shawnee Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the complaint may be dismissed at this point in the litigation.

**Facts:**

Plaintiff alleges that beginning August 16, 2010 he was denied access to the prison library, and has been denied access since that time. Plaintiff was further denied a free supply of writing paper, pens, copy services, and notary services, which he believes he was entitled to as an indigent inmate. These deprivations have caused Plaintiff to use scrap paper to send documents to the Court.

**Discussion:**

Plaintiff claims that by denying him access to the prison library, the Defendant is denying him access to the courts. However, the Seventh Circuit has stated that:

> "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Plaintiff claims that he has on-going cases in other districts, but this is all he says on the subject. He does not explain how these cases were prejudiced by the denial of access to the library for a little over a month[1]. Further, he does not allege that he has further cases that he would like to file, but was unable to based on the denial of access. Plaintiff complains that he was unable to visit

---

[1] Plaintiff alleges the denial began August 16, 2010. Plaintiff filed this action September 24, 2010.

the prison library, but does not go the further step of explaining why this denial resulted in a hardship to his legal claims, either past or present. This further step is necessary to state a claim for denial of access to the courts, and because Plaintiff has failed to take it his claim is dismissed without prejudice.

Plaintiff further claims that Defendant denied him a free supply of writing paper, pens, copy services, and notary services, which he believes he was entitled to as an indigent inmate. However, simply because a prisoner has the right to file grievances or lawsuits while in prison does not mean that the State must supply the materials to file those documents free of charge. *Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003) ( "A right to petition for redress of grievances does not imply a right to free writing paper and stamps."); *See also Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy."). Therefore, this claim is without merit, and is dismissed from this action with prejudice.

**Disposition:**

In summary, this complaint does not survive review under § 1915 A. Plaintiff's claim for access to the courts is **DISMISSED** without prejudice. Plaintiff's claim for free writing materials, copy services, and notary services is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: February 22, 2011**

                                                 *s/J. Phil Gilbert*
                                                 **United States District Judge**